GEORGE B. ADKINS ET AL. V. T. H. GALBRAITH ET AL.

No. 1160.

1. **Deed Duly Recorded—Limitation of Five Years.**—To support the plea of limitation of five years, a party must not only claim under a deed duly registered, but the deed must have been so registered for five years before the institution of the suit.

2. **Harmless Error.**—An erroneous instruction upon the statute of limitation can not be considered harmless, unless it is apparent from the record that the verdict was found upon another issue. See example.

3. **Revising Interlocutory Order.**—A motion to suppress the depositions of a material witness was made on ground that the answers of the witness had been written by the attorney of the party at whose instance the testimony was taken. The motion was overruled. At a subsequent term, and after the death of the witness, the action of the court at the former term was set aside and the depositions were suppressed. This was not error.

4. **Insufficient Predicate for Secondary Evidence.**—Affidavit by Williams that in 1853 he had sent the deed to Burnet for record by one Edward Smith, that Smith was dead, and that the last affiant knew of the deed it was in Smith's possession, and that affiant had "made diligent search and inquiries for it in all places where such papers were usually kept, and can not find it." *Held*, insufficient, as it did not show that inquiry was made for it of Smith's heirs or legal representatives.

5. **Contract for Location of Land—Penalty.**—By terms of a contract for location of a land certificate, Rowe was to "survey said land and pay all the fees for the title, and when done, Russell agreed on his part to make said Rowe a title to one-half of said land in fee simple, to be divided agreeably to quality. It was further agreed, that if either of the parties should fail or refuse to comply on his part, that the de-

linquent forfeit and pay to the party aggrieved the penal sum of ten thousand dollars so soon as an opportunity occurs to perform and he refuse, which is actionable and recoverable in a court of justice." Upon Rowe performing his part of the contract he became entitled to half the land, notwithstanding the penalty. As to his rights, the penalty was but an alternative remedy.

APPEAL from Burnet. Tried below before Hon. W. A. BLACKBURN.
The opinion and paragraphs 3, 4, and 5 of the syllabus present the facts.

*James A. Graham,* for appellant Adkins, who was the plaintiff.

*Story & Story,* for appellants Billingsley et al., who were defendants.

*T. E. Hammond,* for appellee Galbraith.

KEY, ASSOCIATE JUSTICE.—Appellant George B. Adkins instituted this suit to recover 612½ acres of the Jonathan Russell league and labor of land in Burnet County, claiming that, if he did not own the particular tract sued for, he owned an undivided interest of that number of acres in said survey. T. A. Galbraith and a number of other parties were made defendants. In the trial of the case the defendants were divided into two branches, one admitting plaintiff's rights to an undivided interest of 612½ acres in the survey, and for themselves claiming to own an undivided interest of 900 acres therein. Galbraith and the Davis heirs—the other branch of defendants—pleaded not guilty, and the statute of limitations of three and five years, and set up improvements in good faith. The plaintiff asked, in the event of his not being entitled to recover the specific land sued for, that his right to an undivided interest be established, that the rights of the parties be adjudicated, and the entire survey of land partitioned. The jury returned a general verdict for the defendants Galbraith and the Davis heirs.

On the subject of limitation the court instructed the jury, among other things, as follows: "If the jury believe from the evidence that the defendants Davis and Galbraith, or those from whom they purchased, have a deed or deeds to the land claimed by them duly recorded, and that they took possession of the portions respectively claimed by them—that is, Galbraith of the east half and Davis of the west half—under said deeds, and have had and held peaceable and adverse possession thereof, cultivating, using or enjoying the same and paying the taxes thereon, for a period of five years next before the commencement of this suit, then you will find for defendants." This charge is defective and misleading, in that it does not require the deed or deeds sought to be used as a basis for five years' limitation to have been recorded for that period of time. To support the five years' statute of limitation, a party must not only claim under a deed duly registered, but the deed must have been so registered for five consecu-

tive years before the suit was brought. In fact, to show such limitation, all the requisites of the statute must exist concurrently and continuously for a period of five years before the institution of the suit. Converse v. Ringer, 6 Texas Civ. App., 51. The fourth paragraph of the first special charge asked by appellants stated the law on this subject with more fullness and accuracy than the charge given by the court, and the refusal of said special charge was erroneous.

If it were apparent, as contended by counsel for appellees, that the verdict in their favor was rendered upon other issues and that the jury did not decide the case on the question of limitation, we might hold that the error in the court's charge and in refusing the special charge referred to was harmless. But while the evidence may not justify the verdict on the ground of limitation, it does not present any other theory upon which it could more properly have been rendered. The survey was patented to the heirs of Jonathan Russell in 1848, and it was agreed that the sole heirs of said Russell were his two daughters, Martha J. and Nancy J. Russell. Nancy J. first married Sam M. Shaw, and after his death she married J. P. Mason. Martha J. first married Thomas Ballew, and after his death she married R. O. Respass. According to the testimony in the record, appellees claimed title to one-half of the survey under a contract for its location between Jonathan Russell and Joseph Rowe, appellees connecting themselves with and owning whatever right Rowe had in the land. They also claimed to have acquired from Martha J. Ballew (formerly Martha J. Russell) an undivided interest of three-fourths of one-half of said Russell survey; but of course they could not acquire from her any greater interest than she owned, and if Rowe was entitled to one-half of the survey under his contract for its location, then Mrs. Ballew was only entitled to one-half of the other half, which would be one-fourth of the entire survey, and the other fourth would belong to her sister, Nancy J. Mason. The plaintiff introduced in evidence a deed executed by said Nancy J. Mason, September 8, 1883, conveying, as we construe it, to T. Y. Adkins an undivided interest of 612½ acres of said Jonathan Russell survey, and the balance of her interest in said survey to J. K. Williams. The plaintiff also put in evidence a general warranty deed from T. Y. Adkins to the plaintiff, of date January 12, 1885, duly authenticated and recorded, which, in our opinion, conveyed to the plaintiff the 612½ acres deeded to said T. Y. Adkins by Nancy J. Mason as aforesaid. The court excluded, and, as we think, properly, testimony offered for the purpose of showing that Mrs. Nancy J. Mason and her former husband, Samuel M. Shaw, had, in the year 1853, conveyed all her interest in said Jonathan Russell survey of land to J. K. Williams, and therefore, as the case stood before the jury, at the time Mrs. Mason executed the deed herein before referred to, to T. Y. Adkins and J. K. Williams, she owned at least an undivided one-fourth interest in said league and labor, and therefore, by said deed, and his deed from T. Y. Adkins, the plaintiff acquired title to an undivided interest of that number of

acres in the league and labor of land in controversy. The appellees put in evidence a deed from the plaintiff to T. H. Davis, executed April 28, 1886, which may be held to convey 312½ acres of his interest in said land. This left the plaintiff the owner of and entitled to recover an undivided 300 acres of the survey, unless barred by limitation, and therefore it is not manifest to us that the jury did not decide the case upon the question of limitation.

The assignment of error which complains of the action of the court in reconsidering the motion overruled at a previous term of the court to suppress the deposition of J. L. Billingsley and in sustaining said motion is not a proposition within itself, and is not followed up by an appropriate proposition, as required by the rules, and therefore appellants are not entitled to have the ruling complained of revised. However, we have examined the bill of exception on the subject, and do not believe there was any error in the court's ruling.

The question presented under the second assignment of error is not sustained by the record. The name in the power of attorney referred to, as disclosed by the statement of facts, is *Ballew*, and not *Ballon*, as contended by appellants, and the bill of exception states that the court does not agree with appellants' counsel that the name was *Ballon*, instead of *Ballew*.

We do not think the court erred in its rulings made upon the admission of testimony. No sufficient predicate was laid to authorize proof of the existence and contents of the deed from Mrs. Nancy J. Shaw and her husband to J. K. Williams. The testimony shows that the last known of the missing deed it was in the possession of one Edward Smith, and while the testimony shows that said Smith is dead, it does not show that any inquiry was made of his heirs or legal representatives.

If Joseph Rowe performed his part of the contract between him and Jonathan Russell, we think Rowe and those claiming under him are not precluded from demanding and recovering half the land under said contract, because the same stipulates a penalty in case of nonperformance by either party. As to Rowe's rights, the penalty is but an alternative remedy.

Without further discussing the questions presented in this case, it is suggested that upon another trial the jury be instructed as to the legal effect of the written muniments of title introduced in evidence, in order that they may properly understand the issues of fact submitted to them, or that the case be submitted to the jury upon special issues; which latter course, considering the complications in the case, would perhaps be the better.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 27, 1895.